IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANGUARD STIMULATION SERVICES, LLC, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-13-0507 |
| TRICAN WELL SERVICE, L.P. and WELLS FARGO BANK, N.A., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This declaratory judgment action arises out of a dispute between Vanguard Stimulation Services, LLC ("Vanguard") and Trican Well Service, L.P. ("Trican") over the distribution of escrow funds. Pending before the court is Trican's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Trican's Motion to Dismiss") (Docket Entry No. 10). For the reasons explained below, the motion will be denied.

### I. Background

**A. The Parties' Contract**

In March of 2010 a seller (Vanguard) and a buyer (Trican) executed a written contract for the sale of certain assets.[1] The

---

[1] Asset Purchase Agreement, Ex. A to Plaintiff's Original Complaint and Jury Demand ("2013 Complaint"), Docket Entry No. 1-1, p. 1. Other entities were involved in the transaction, but those entities are neither relevant to this dispute nor parties to this lawsuit. See id.

contract's price and payment terms are governed by a separate agreement (the "Escrow Agreement") whereby Trican agreed to deposit a sum of money in an account designated by Wells Fargo Bank, N.A. ("Wells Fargo"), the escrow agent.[2] As the escrow agent, Wells Fargo retained the authority to distribute the escrow funds, subject to the terms and conditions of the Escrow Agreement.[3] The Escrow Agreement provided for Wells Fargo to make three separate distributions.[4]

Pursuant to the Escrow Agreement, Trican may make a claim against the escrow funds for indemnification by delivering to Wells Fargo and Vanguard "a written notice (an 'Indemnification Notice') setting forth the nature, dollar amount and basis for such claim in reasonable detail (an 'Indemnification Claim') and whether or not the Indemnification Claim is a Tax-Related Claim."[5] The same section of the Escrow Agreement provides that if Trican does so, and Vanguard does not object, Wells Fargo shall transfer to Trican an amount of the escrow funds equal to the amount of the Indemnification Claim.[6]

---

[2]Escrow Agreement, Ex. B to 2013 Complaint, Docket Entry No. 1-2, art. 1, § 1.1.

[3]Id.

[4]Id. § 1.4(e), (f), and (g).

[5]Id. § 1.4(b) (emphasis removed).

[6]Id.

The Escrow Agreement also requires Vanguard to "file with the Texas Comptroller pursuant to Section 111.020 of the Texas Tax Code an application . . . for a 'Certificate of No Tax Due' with respect to [Vanguard] and its operations."[7] Wells Fargo is obligated to release $2,211,921 from the escrow funds to Vanguard if Vanguard timely files the application for, and obtains, the Certificate of No Tax Due.[8] A "Release Event" occurs under the Escrow Agreement when Vanguard provides reasonably satisfactory evidence that successor liability taxes have been resolved.[9] If Trican does not object to the occurrence of a Release Event, the Escrow Agreement provides that Wells Fargo shall transfer to Vanguard an amount equal to the amount reserved in the escrow funds for such successor liability taxes.[10]

B. **The Lawsuits**

Disputes over the distribution of the escrow funds have given rise to two lawsuits. In 2011, prior to the second distribution, Vanguard objected to Trican's purported Indemnification Claim.[11]

---

[7]Id. § 1.3.

[8]Id. § 1.4(j).

[9]Id. § 1.4(l).

[10]Id.

[11]Plaintiff's Original Complaint and Jury Demand, Cause No. H-11-3973 ("2011 Complaint"), Ex. A to Trican's Motion to Dismiss, Docket Entry No. 10-1, ¶¶ 12-14.

Vanguard filed an action against Trican and Wells Fargo in this court on November 11, 2011 (the "2011 Action"), seeking a declaratory judgment:

> I. [That] Trican does not have a valid Indemnification Claim (including a valid Tax-Related Claim) against the $1,465,287.01 in Escrow Funds that were due to be released to Vanguard on the Second Distribution Date;
>
> ii. That Trican did not provide a valid Indemnification Notice in accordance with the terms of the Escrow Agreement; and
>
> iii. That [Wells Fargo] shall release the $1,465,287.01 in Escrow Funds to Vanguard upon delivery of a final order in accordance with the above.[12]

The parties subsequently reached a settlement, and the 2011 Action was dismissed with prejudice on January 24, 2012.[13]

Vanguard filed the pending action on February 25, 2013 (the "2013 Action"), alleging that under the Escrow Agreement it is entitled to the third distribution of escrow funds.[14] Vanguard alleges that it has complied with the provisions in the Escrow Agreement concerning the application for a Certificate of No Tax Due.[15] Vanguard further alleges that the Texas Comptroller issued a Certificate for "all permitted taxes" and that under TEX. TAX CODE § 111.020 the Texas Comptroller's failure to issue a Certificate for sales taxes means that Trican is released from the obligation

---

[12]Id. ¶ 20(b).

[13]Dismissal Order, Cause No. H-11-3973 ("2011 Dismissal"), Ex. B to Trican's Motion to Dismiss, Docket Entry No. 10-2.

[14]2013 Complaint, Docket Entry No. 1.

[15]Id. ¶ 20.

to pay sales taxes.[16] Vanguard alleges that therefore a Release Event occurred.[17] Vanguard requests a declaratory judgment:

> I.   [That a] Release Event has occurred within the meaning of Section 1.4(l) of the Escrow Agreement; and
>
> ii.  That [Wells Fargo] shall release the full Remaining Escrow Amount, consisting of the sum of $2,211,921 plus all accrued interest, to Vanguard upon delivery of a final order in accordance with the above.[18]

Vanguard also seeks monetary damages.[19]

Trican filed a motion to dismiss the 2013 Action on May 6, 2013, arguing that Vanguard's claims are barred by the doctrine of res judicata.[20] In a response filed on May 28, 2013, Vanguard argues that the motion should be denied because res judicata does not apply to declaratory relief actions.[21] Vanguard also argues that the dispute here is entirely different from the dispute underlying the 2011 Action and therefore that the elements of res judicata have not been satisfied.[22] Trican replied on June 7, 2013.[23]

---

[16] Id.

[17] Id.

[18] Id. ¶ 26(b).

[19] Id. ¶ 26(a).

[20] Trican's Motion to Dismiss, Docket Entry No. 10, ¶ 4.

[21] Vanguard's Opposition to Trican's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Vanguard's Opposition"), Docket Entry No. 11, pp. 6-9.

[22] Id. at 5-6.

[23] Trican's Reply in Support of Its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Trican's Reply"), Docket Entry No. 14.

## II. Applicable Law

### A. Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). When considering a motion to dismiss the court must accept the factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). The court's review of the record is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010). The court may also refer to matters of public record in considering a motion to dismiss. Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

### B. *Res Judicata*

The doctrine of res judicata bars the litigation of claims that have been litigated or should have been raised in an earlier suit. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). The res judicata effect of a prior federal court judgment is determined by federal law. Robinson v. Nat'l Cash

Register Co., 808 F.2d 1119, 1124 (5th Cir. 1987). Four elements must be satisfied for res judicata to bar an action: (1) the parties in the prior action and the pending action must be identical; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both the prior action and the pending action. United States v. Davenport, 484 F.3d 321, 326 (5th Cir. 2007). The party asserting that the doctrine of res judicata bars an action bears the burden of proof on these elements. Grynberg v. BP P.L.C., 855 F. Supp. 2d 625, 649 (S.D. Tex. 2012).

### III. Analysis

#### A. Applicability of Res Judicata

Before reaching the question of whether the doctrine of res judicata bars the 2013 Action, the court must address the threshold question of whether the doctrine may apply in cases where the prior action sought declaratory relief. Vanguard urges the court to hold that it may not, arguing that as a matter of law a dismissal with prejudice of a declaratory judgment action may not have a res judicata effect on a subsequent suit between the same parties.[24] The court does not agree.

In the Fifth Circuit the doctrine of res judicata is not limited only to actions seeking damages or coercive relief. Courts

---

[24]Vanguard's Opposition, Docket Entry No. 11, pp. 6-9.

use the unmodified term "action" to describe the prior and pending suits when setting out the elements of res judicata. See, e.g., Davenport, 484 F.3d at 326; Singh, 428 F.3d at 571; Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395 (5th Cir. 2004). Moreover, in Petro-Hunt the Fifth Circuit considered the application of res judicata where a prior action involved declaratory relief. Although the court in Petro-Hunt concluded that the prior action did not involve the same claim or cause of action, and therefore had no preclusive effect, the court explicitly applied the elements to the facts to reach that conclusion. Id. at 395-97; see also Hatton v. Grigar, 258 F. App'x 706 (5th Cir. 2007) (affirming district court's dismissal on res judicata grounds where prior action involved declaratory judgment action). Accordingly, as long as the elements are satisfied, a prior judgment in a suit seeking declaratory relief may bar a subsequent suit under the doctrine of res judicata. The court therefore declines to hold that as a matter of law res judicata may not apply in this case on the ground that the 2011 Action sought declaratory relief.[25]

---

[25]The court also rejects any argument that as a matter of law res judicata may not properly serve as the basis for a motion to dismiss. See Larter & Sons v. Dinkier Hotels Co., 199 F.2d 854, 855 (5th Cir. 1952) (holding that a court may rely on the doctrine of res judicata to dismiss an action pursuant to Rule 12(b)(6)); Hatton, 258 F. App'x 706 (affirming district court's Rule 12(b)(6) dismissal on res judicata grounds).

B.  **Satisfaction of the Doctrine**

The first three elements of res judicata are not in dispute in this case: the parties in the 2011 Action and the 2013 Action are identical; the judgment in the 2011 Action was rendered by this court, a court of competent jurisdiction; and the court's dismissal of the case with prejudice was a final judgment on the merits. See Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009) ("[T]he district court's dismissal of the case with prejudice was a final judgment on the merits."); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("A dismissal which is designated 'with prejudice' is normally an adjudication on the merits for purposes of res judicata." (internal quotation marks omitted)). At issue is whether the fourth element has been satisfied.

The Fifth Circuit has adopted the "transactional test" to determine whether two suits involve the same claim or cause of action. Petro-Hunt, 365 F.3d at 395. Under the transactional test "the preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." Id. at 396 (internal alterations and quotation marks omitted). The crucial issue is "'whether the two actions under consideration are based on the *same nucleus of operative facts*.'" Id. (quoting In re Southmark Corp., 163 F.3d

925, 934 (5th Cir. 1999)); see also In re Ark-La-Tex Timber Co., 482 F.3d 319, 330 (5th Cir. 2007) ("[W]hether the same nucleus of operative facts is present revolves around the *factual* predicate of the claims asserted." (internal quotation marks omitted)). If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred. Singh, 428 F.3d at 571.

Trican bears the burden of proving that the 2013 Action and the 2011 Action involve the same nucleus of operative facts. See Grynberg, 855 F. Supp. 2d at 649; Petro-Hunt, 365 F.3d at 396. Trican argues that Vanguard's claims in both actions arise from the same contracts and involve disputes over the distribution of money from the escrow funds to Vanguard "as a result of Vanguard's failure to pay and/or its failure to obtain confirmation of payment of Taxes."[26] Trican further argues that prior to the 2011 Action it requested from Vanguard a "tax clearance certificate evidencing no tax due."[27] Trican therefore contends that because Vanguard's claims in the 2013 action were or should have been raised in the 2011 action, the 2013 action is barred by res judicata.[28] Vanguard's Opposition points to the allegation in the 2013 Complaint that the Texas Comptroller's failure to issue a

---

[26]Trican's Motion to Dismiss, Docket Entry No. 10, ¶ 17.

[27]Id.

[28]Id.

Certificate of No Tax Due resulted in a Release Event.[29] Vanguard therefore contends that the 2013 Action turns on a distinct set of operative facts.[30] The court agrees.

The operative facts alleged in the 2011 Action included: (1) the validity of Trican's Indemnification Claim; (2) the validity of Trican's Indemnification Notice; and (3) Vanguard's entitlement to the second distribution.[31] By contrast the operative facts alleged in the 2013 Action include: (1) Vanguard's compliance with the provisions of the Escrow Agreement concerning the application for a Certificate of No Tax Due; (2) the failure of the Texas Comptroller to issue the Certificate for sales taxes; (3) the occurrence of a Release Event; and (4) Vanguard's entitlement to the third distribution.[32] The similarities between the actions -- the underlying Escrow Agreement and the disputes concerning the payment of taxes -- are not determinative. See Petro-Hunt, 365 F.3d at 396 ("[O]bservations of factual similarity, although potentially relevant for purposes of collateral estoppel, are not relevant to res judicata. . . . [R]es judicata is concerned with the sameness of operative facts."). For

---

[29]Vanguard's Opposition, Docket Entry No. 11, p. 5.

[30]Id.

[31]2011 Complaint, Ex. A to Trican's Motion to Dismiss, Docket Entry No. 10-1, ¶ 20. The Escrow Agreement and the 2011 Complaint are properly before the court on this motion to dismiss. See Connick, 15 F.3d at 1343 n.6; Lone Star, 594 F.3d at 387.

[32]2013 Complaint, Docket Entry No. 1, ¶¶ 20, 26.

purposes of res judicata the facts that reveal similarities between the two actions are not the operative facts as alleged by Vanguard. The factual predicates of Vanguard's two actions do not rest on the existence of the Escrow Agreement and the general allocation of tax liability, but on the performance of separate and distinct duties enumerated in the Escrow Agreement. Further distinguishing the two actions is the fact that the correctness of the prior judgment has no effect on the outcome of this case. See Singh, 428 F.3d at 571.

Trican's argument that it requested a "tax clearance certificate" prior to the 2011 Action -- and that therefore the claims in the 2013 Action should have been raised in the 2011 Action -- does not persuade the court. The fact that Trican requested the Certificate is not an operative fact in the 2013 Action. The court also rejects Trican's argument that res judicata bars the 2013 Action because Vanguard had obtained the pertinent Certificate of No Tax Due prior to filing the 2011 Action.[33] Even if that is true, Vanguard would not have been required to raise the claim concerning the Certificate in 2011. In this case the dispute over the Certificate is relevant to the third distribution, not the second.

The nature of the parties' agreement provided for three separate payments, all of which were subject to certain terms and

---

[33]Trican's Reply, Docket Entry No. 14, ¶ 4.

conditions. Vanguard's two actions for declaratory relief invoke distinct terms and conditions of the Escrow Agreement, and are based on two different distributions that were to occur separately. Under the facts alleged in the 2013 Complaint, which the court must accept as true, Vanguard's rights at the time of the 2011 Action did not extend to the dispute that underlies the 2013 Action. See Petro-Hunt, 365 F.3d at 396. Taken to its logical end, Trican's reasoning would permit a party to a contract such as the Escrow Agreement to file a declaratory judgment action with respect to the first distribution, dismiss the suit, and thereby immunize itself from suit if a dispute should arise concerning a later distribution. The doctrine of res judicata is not a means to such ends. Having considered the facts alleged on the face of the 2013 Complaint, in conjunction with the Escrow Agreement and the 2011 Complaint, the court concludes that the two actions are not based on the same nucleus of operative facts. Trican has therefore failed to carry its burden to show that the 2011 Action and the 2013 Action involve the same claim or cause of action.

## IV. Conclusion and Order

Accepting the factual allegations of the 2013 Complaint as true and drawing all reasonable inferences in Vanguard's favor, see Eby Construction, 369 F.3d at 467, the court concludes that the 2013 Action is not barred by res judicata. Vanguard's 2013

Complaint is therefore not subject to dismissal on <u>res judicata</u> grounds. Accordingly, Trican's Motion to Dismiss (Docket Entry No. 10) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 27th day of June 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE